IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:17-cr-20213-TLP |
| v. | ) |
| | ) |
| JASON NIXON, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S R & R AND DENYING
DEFENDANT'S MOTION TO SUPPRESS**

The Ripley, Tennessee Police Department executed a search warrant at Defendant's house which led to a federal indictment. Defendant moved to suppress the evidence found there. The Magistrate Court issued a Report and Recommendation ("R & R") suggesting the motion be denied. Defendant filed timely objections so the Motion is now here.

**PROCEDURAL BACKGROUND**

Defendant was named in a single-count indictment accusing him of being a felon in possession of a firearm. (ECF No. 1, PageID 1.) Defendant's Motion to Suppress Evidence and Memorandum in Support was referred to the Magistrate Court for a hearing and an R & R. (ECF No. 18, PageID 16-23; and ECF No. 21, PageID 28.) After the prosecution responded, the Magistrate Court conducted a hearing and issued its R & R with proposed findings of facts and conclusions of law addressing Defendant's arguments: (1) that the search warrant lacked probable cause; (2) that the search warrant was "stale" and that the delay in executing the warrant was unreasonable; and (3) that Defendant made statements without the

benefit of *Miranda* warnings. (ECF Nos. 26, 31, 35, PageID 128-38.) The Magistrate Court rejected each of Defendant's arguments and recommended denial of the Motion. (ECF No. 35, PageID 128-38.)

Defendant timely filed his Objections to the R & R reiterating each argument he made before the Magistrate Court and the United States responded. (ECF No. 36, PageID 139-43; ECF No. 39, PageID 146-49.) After a *de novo* review of the R & R and after reviewing all related submissions of the parties including the Objections and the Government's Response, the Court agrees with the Magistrate Judge and ADOPTS the R & R in its entirety. The Defendant's Motion is therefore DENIED for the following reasons.

## PROPOSED FINDINGS OF FACT

The R & R issued by the Magistrate Court recounts proposed findings of fact which are thorough and accurate. (ECF No. 35 at PageID 129−31.) The Court has reviewed the transcript of the Hearing in this cause and agrees with the findings of fact proposed by the Magistrate Court. (ECF No. 31 at PageID 39−127.) Moreover, the Objections filed by Defendant question the legal conclusions drawn by the Magistrate Court and raise no factual dispute. The Court ADOPTS thus the Magistrate Court's proposed findings of fact issued in the R & R.

## CONCLUSIONS OF LAW

The R & R issued by the Magistrate Court includes proposed conclusions of law addressing each of Defendant's arguments. (ECF No. 35 at PageID 131−38.)

**Probable Cause.** The first issue raised by Defendant is whether the search warrant lacked probable cause. Although Defendant questions aspects of the Magistrate Judge's recommended conclusions he reiterates in essence the same arguments that he asserted in the

2

initial Motion. Defendant argues that the application for the search warrant did not provide an adequate basis for the issuing court to conclude that the confidential informant (CI) who provided information to the affiant officer was reliable. Defendant argues that "the Magistrate Court's scrutiny (of the application for the warrant) lacked substance." (ECF No. 36 at PageID 139−40.) The Court disagrees with Defendant's dismissive characterization of the Magistrate Court's analysis. Contrary to Defendant's position, the Magistrate Court correctly focused on the fact that the CI not only provided information but also made a controlled purchase of marijuana from the Defendant at the very location to be searched. (ECF No. 35 at PageID 133−34.)[1]

The standard for issuing a search warrant is that there is a "fair probability that evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238 (1983); *United States v. Franklin*, 622 F. App'x 501, 508−09 (6th Cir. 2015). Moreover, the Court should give "great deference" to the determination of the judge who issued the search warrant in the first place. *United States v. Brooks*, 594 F.3d 488, 493 6th Cir. 2010) (quoting *United States v. Allen*, 213 F.3d 970, 973 (6th Cir. 2000) (en banc)). Because the affiant for the search warrant conducted a controlled purchase of narcotics from Defendant with a CI at the house where the search was to occur, the affiant sufficiently corroborated the information received from the CI and enhanced the CI's reliability. As concluded by the Magistrate

---

[1] Although Defendant argues that the application for the warrant lacks specificity because it did not state precisely when the CI bought the drugs. Instead it says "within the last 72 hours." Although more specificity might be better sometimes the Court recognizes the practical reason officers do not state with particularity exactly when CI's buy drugs. If officers included the exact date and time of a controlled purchase in a search warrant application, the drug dealer would be better able to identify the CI which could put the CI in more danger.

3

Judge, the search warrant application provided the issuing judge with the assurance that there was a "fair probability" that officer would find evidence in that location.

The Court ADOPTS the proposed conclusions of law issued by the Magistrate Court in the R & R as it relates to Defendant's objection that the search warrant lacked probable cause and overrules Defendant's objection about this question.

**Staleness.** Defendant's second objection is that the search warrant was "stale" when the officers executed it. Defendant argues that the Magistrate Court erred in its analysis of the "staleness" issue by not considering the entire passage of time from the controlled buy of marijuana three (3) days before issuing the search warrant itself and then another four (4) days before the officers executed the search warrant. (ECF No. 36 at PageID 140−41.) Defendant goes so far as to say that the Magistrate Court was being "disingenuous with the real time at issue." (*Id.* at 141.) The Court finds that the Defendant's position is flawed, the Magistrate Court was not being disingenuous. If anything, Defendant has now merged what was once two arguments into a single argument.

At first, Defendant argued two issues: (1) that the passage of three (3) days from the controlled buy to the issuance of the search warrant rendered the warrant "stale"; and (2) that the additional 4-day delay before the search took place was unreasonable. The Magistrate Court thoroughly addressed both arguments submitted by Defendant on the "staleness" issue.

The term "stale" in the context of search warrant analysis refers to the time of issuance not execution. "However, staleness is a concept that is meant to apply to information used for **the issuance of a search warrant, not its execution**; therefore, the more appropriate inquiry is whether the warrant was valid when it was issued and, separately whether the officers properly executed the warrant." *United States v. Archibald*, 685 F.3d 553, 556 (6th Cir. 2012)

4

(emphasis added). As to the issuance of the search warrant, the Magistrate Court correctly cited Sixth Circuit case law which states that the "critical question (regarding "staleness") is whether the information contained in the affidavit, when presented to the judge, established that there was a fair probability that evidence would still be found at the location of the search." *Id.* at 558, Citing *United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006). Moreover, the Magistrate Court correctly suggested that the Sixth Circuit has specifically rejected an argument that waiting 72 hours after a single controlled purchase of narcotics before applying for a warrant renders the evidence stale. *See United States v. Pinson*, 321 F.3d 558, 560−61 (6th Cir. 2003) (holding "it is reasonable that three days after the drug purchase that police would find narcotics, related paraphernalia, and/or the marked money in the residence.")

The Court finds that the Magistrate Judge properly analyzed whether the search warrant was "stale" and correctly suggested that it was not. The Court therefore ADOPTS the Magistrate Court's R & R and overrules Defendant's objection on this point.

Defendant uses the term "stale" again when his position is really that the officers waited an unreasonable period before executing the search warrant. The Sixth Circuit squarely addressed this argument in *United States v. Archibald*. In *Archibald*, the court found that a delay of eight (8) days from the undercover purchase through the execution of the search warrant because of holidays and vacations was not unreasonable. 685 F.3d at 559−60. Here, the time period between the controlled purchase and the search is seven (7) days. The affiant officer was working to put together a team of twelve officers from other law enforcement agencies to assist with the execution of the warrant. If done properly, coordination among agencies takes time. While the Court recognizes that planning ahead by

5

the officers would have been preferable, the question is whether the delay was unreasonable. The Magistrate Court correctly concluded that the delay here was not unreasonable. Defendant has introduced no evidence that the circumstances changed between issuing the search warrant and its execution that would have affected the presence of probable cause. For all the reasons set forth in the R & R, this Court ADOPTS the R & R as to the objection related to the length of the delay before the execution of the search warrant. Defendant's objection in this regard is overruled.

**Defendant's Statements.** Defendant's final objection is based on the failure of the officers to provide *Miranda* warnings before he made spontaneous statements. Defendant's objection is not persuasive. The Magistrate Court correctly analyzed Defendant's position and rejected it. Likewise, this Court also rejects Defendant's objection about his statements. This Court therefore ADOPTS the Magistrate Court's R & R as it relates to Defendant's last objection.

## CONCLUSION

This Court considered Defendant's objections *de novo* and overruled them. The Court ADOPTS the Magistrate Court's R & R in full. Defendant's Motion to Suppress is DENIED.

**SO ORDERED**, this 18th day of June, 2018.

s/Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE